UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Civ Case #:
------------------------------------X
BOUGOURA DESIRE SANGO

                    Plaintiffs


          -against-                    **COMPLAINT**

                                       **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
Sgt. MICHAEL MARZOOCHI,
P.O. ABDULRAH ALZOKARI
AND JOHN/JANE DOE OFFICERS OF
THE 26TH PRECINCT NAMES FICTITIOUS,
TRUENAMES UNKNOWN INTENDING TO BE
OFFICERS ON THE DATE AND TIME ALLEGED


                    Defendants.

-------------------------------------X
S I R S:
        Plaintiff, BOUGOURA DESIRE SANGO by his attorney,

MICHAEL B. PALILLO, ESQ., complaining of the Defendants herein,

alleges upon information and belief, as follows:

                    **NATURE OF THE CLAIM**

        1.  That this is an action for money damages to

redress deprivation by Defendants of the rights secured to the

Plaintiff under the Constitution and Laws of the United States

of America and under the guise of New York Law.

        2.  The Plaintiff bases this action upon his illegal

seizure by various members of the New York City Police

Department on the 28th day of May 2023. This Court is

authorized to grant the Plaintiff the relief under 42 U.S.C.
1983 and 1988.

## JURISDICTION

3.  Jurisdiction in this matter is invoked in
accordance with 28 U.S.C. 1331 and 28 U.S.C.

## VENUE

4.  Venue is proper in the Southern District of New
York pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1391 (b) as all of
the events and omissions giving rise to Plaintiff's claims
occurred in Kings County in the Southern District of New York,
the actual place of employment of all the individual police
officers.

## THE PARTIES

5.  That at all times herein mentioned the Plaintiff
resided at 721 Walton Avenue Apt. F14 Bronx, N.Y. 10451

6.  That at all times mentioned herein, THE CITY OF
NEW YORK, hereinafter after referred to as the  "CITY" was and
continues to be a municipal corporation existing and organized
by virtue of the Laws of the State of New York.

7.  At all times mentioned herein, THE NEW YORK CITY
POLICE DEPARTMENT (hereinafter known as the "NYPD") was and
still are a Department and/or agency of the "CITY" and operates
under its supervision, management and control.

8.  That at all dates and times hereinafter mentioned Defendant "CITY" by it's agents, servants and/or employees, operated, maintained and controlled the "NYPD" and employed and controlled all of it's "NYPD" police officers.

9.  Upon information and belief, that at all dates and times hereinafter mentioned Defendants Sgt. Michael Marzoochi and P.O. Abdulrah Alzokari, and "JOHN DOES" and "JANE DOES" were employed by the Defendant "CITY" and were assigned NYPD 26th Pct. County of Bronx, State of New York.

10.  That at all dates and times hereinafter mentioned the Defendants Sgt. Michael Marzoochi and P.O. Abdulrah Alzokari,  "JOHN DOES" and "JANE DOES" acted within the scope of their employment for the Defendant "CITY."

11.  That at all dates and times hereinafter mentioned, Defendants, "JOHN DOES" and "JANE DOES" names fictitious, true names unknown, but intended to be NYPD Officers at the time and place of this occurrence who were employees of the "CITY" and were assigned NYPD 26th Pct., County of Bronx, State of New York.

12.  That at all dates and times hereinafter mentioned the Defendants "JOHN DOE/JANE DOE" acted within the scope of his/her employment for the Defendant "CITY."

13.  That a Notice of Claim on behalf of Plaintiff was

duly presented to the defendant "CITY" care of the Comptroller of the City of New York on the 14th day of August 2023 which were within ninety (90) days of the cause of action accruing herein.

14.  That the "CITY" has demanded a hearing for the Plaintiff pursuant to §50-H of the General Municipal Law, and a hearing was held on December 22, 2023.

15.  The claim of Plaintiff has been presented for adjustment/payment and no adjustment or payment has been held.

16.  This action has been brought within one year and ninety (90) days of the happening of the event complained of.

**FACTUAL BACKGROUND**

17.  Plaintiff repeats, reiterates and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

18.  That on Sunday May 28, 2023 at approximately 7:00 P.M. at the premises known as the Church of St. Joseph of the Holy Family, located at 405 West 125th Street, County, City and State of New York, the Plaintiff, who was wearing a red shirt and red pants, was attending Sunday mass with his wife and three children.

19.  While the Plaintiff was attending mass, a commotion was heard as a fight occurred outside the church.

4

20. Upon information and belief, officers from the 26th Pct of the NYPD responded to the location as a result of a radio call.

21. When the NYPD arrived, members of the church congregation and others were on the sidewalk in front of and next to the Church.

22. Plaintiff exited the church, and with other members of the congregation and walked onto the sidewalk.

23. Thereafter, NYPD Officers approached the Plaintiff.

24. Upon information and belief, the NYPD Officers told the Plaintiff he was under arrest because he was involved in the fight.

25. The Plaintiff and other members of the congregation told the NYPD Officers that the Plaintiff was not involved in any fight as the Plaintiff was attending services when the fight occurred.

26. Members of the congregation repeatedly told the NYPD Officers that there is a video showing the fight, and the Plaintiff was not shown anywhere on the video.

27. The NYPD officers refused to look at the video.

28. The NYPD officers placed their hands onto the Plaintiff, placing handcuffs on his wrists, behind his back.

29. The Plaintiff was restrained in handcuffs behind

his back for approximately, outside the church for approximately five (5) minutes.

30. The Plaintiff's wife and children witnessed the Plaintiff's arrest and being placed in handcuffs.

31. Members of church congregation witnessed the Plaintiff's arrest and being placed in handcuffs.

32. A NYPD Officer(s) placed his/their hand(s) on the Plaintiff and took him to a NYPD police vehicle in handcuffs.

33. Plaintiff was paraded in handcuffs and brought to a NYPD Police vehicle in front of his wife and children.

34. Plaintiff was paraded in handcuffs and brought to a NYPD Police vehicle in front of members of the church congregation.

35. A NYPD officer(s) opened the back door of the NYPD police vehicle and with his/her hand(s) on the Plaintiff, pushed the Plaintiff into the rear seat of the NYPD police vehicle.

36. As a result of being pushed into the rear seat the Plaintiff was caused to strike his knee on the back of the front seat.

36. The Plaintiff was driven away with handcuffs behind his back.

37. The Plaintiff's wife and children witnessed the Plaintiff being driven away in an NYPD police vehicle in

6

handcuffs.

38. Members of the church congregation witnessed the Plaintiff being drive away in an NYPD police vehicle in handcuffs.

39. The Plaintiff was driven to the 26th pct., with handcuffs behind his back, which took approximately ten (10) minutes.

40. NYPD officer(s) again placed his/her/their hands on the Plaintiff, bringing him out of the NYPD police vehicle.

41. The Plaintiff was paraded outside the police station in handcuffs, with the officer(s) hands still touching his body, and into the police pct.

42. The Plaintiff was brought inside the 26th pct. in handcuffs where he was interviewed by Desk Sargent for approximately fifteen (15) minutes.

43. The Plaintiff's personal belongings were taken from him and upon information and belief, his belt and shoelaces.

44. The Plaintiff was brought to a holding cell where he remained in excess of two (2) hours.

45. The Plaintiff was taken out of the holding cell, interviewed, fingerprinted and photographed, which took approximately thirty (30) minutes.

46. The Plaintiff was returned to a holding cell where

he remained for an additional thirty (30) minutes.

47. Thereafter, the Plaintiff was taken out of the holding cell, given a desk appearance ticket and released from custody at approximately 11:00 P.M.

48. The desk appearance ticket, Exhibit "A" directed the Plaintiff to appear in the Criminal Court, New York County on July 15, 2023.

49. On June 15, 2023, the Plaintiff appeared in the Criminal Court New York County before a Judge as directed, was arraigned and charged with the following crimes:

PL 120.00 (1) Assault in the Third Degree
        Class "A" Misdemeanor

PL 120.00 (2) Assault in the Third Degree
        Class "A" Misdemeanor

PL 240.30 (4) Aggravated harassment in the Second Degree
        Class "A" Misdemeanor

PL 110/120.00 (1) Attempted assault in the Third Degree
        Class "B" Misdemeanor

PL 240.26 (1) Harassment in the Second Degree
        A violation

50. A copy of the Criminal Court Complaint under Docket Number CR-013300-23 NY is annexed as Exhibit "B."

51. A full order of protection was issued directing the Plaintiff to stay away from one "Kouma Kpalba." (Exhibit "C")

52. On June 15, 2023, the Plaintiff was held in the

Criminal Court New York County for approximately three (3) hours.

53. On June 15, 2023, this Criminal case was adjourned to June 23, 2023.

54. On June 23, 2023, the Plaintiff again appeared in the Criminal Court New York County as directed.

55. On June 23, 2023, the Plaintiff was held in the Criminal Court New York County for approximately three (3) hours.

56. On June 23, 2023, the Plaintiff appeared before a Criminal Court Judge and the Criminal case was again adjourned until September 19, 2023.

57. The full Order of protection was continued.

58. At the request of the New York County District Attorney's office advanced Plaintiff's Criminal case to August 9, 2023.

59. On August 9, 2023, the Plaintiff again appeared in the Criminal Court New York County as directed.

60. On August 9, 2023, the Plaintiff was caused remain in the Criminal Court New York County for approximately three (3) hours.

61. On August 9, 2023, the Plaintiff appeared before a Criminal Court Judge.

62. On August 9, 2023, at the request of and upon the motion of the New York County District Attorney's office, the criminal charges filed against the Plaintiff were dismissed and the record was sealed.

63. A copy of the certificate of disposition is annexed as Exhibit "D."

64. Prior to his arrest, the Plaintiff worked part-time for UBER-Eats.

65. As a result of his arrest, the Plaintiff was suspended from working for Uber-Eats. (Exhibit "E")

66. Upon information and belief, the Plaintiff was preventing from working as a driver for "UBER-Eats" from the date of his arrest until on or about December 22, 2023.

65. In the manner aforesaid, each of the Defendants, jointly and severally, acted maliciously, willfully and wantonly, and outside the scope of their jurisdiction, although under color of law, violated the following rights of the Plaintiff:

> A) To be free from unreasonable search and seizure;
>
> B) To be free from search and seizure without probable cause;
>
> C) To be free from unlawful detainment and false arrest;

 D) To be free from assault and battery;

 E) To be free from negligence in the performance of police duties;

 F) To be free from summary punishment without trial;

 G) Due process of law.

66. All of these rights are secured to the Plaintiff by the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and by 42 U.S.C. Sections 1983 and 1988, and by the Statutes and Laws of the State of New York which is invoked under the jurisdiction of this Court.

67. That solely by reason of all the foregoing, the Plaintiff has suffered damage and injury.

**AS AND FOR A FIRST CAUSE OF ACTION**

68. Plaintiff repeats, reiterates and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

69. On May 28, 2023, the Plaintiff was intentionally detained by the Defendants.

70. In detaining the Plaintiff, the Defendants were acting under color of State of Law, within the purview of 41 U.S.C. 1983, and within the scope of their employment with the "NYPD."

71. The Plaintiff did not resist his arrest, detention, imprisonment or confinement.

72. The Plaintiff was aware of his detention, imprisonment, arrest and confinement.

73. The Plaintiff did not consent to being detained, imprisoned, arrested and confined.

74. The Plaintiff's detention, imprisonment, arrest and confinement was not privileged, and the Plaintiff was detained and arrested without probable cause that he committed any crime.

75. As a result of Plaintiff's illegal detention, the Defendants lacked reasonable suspicion, probable cause, or any other valid legal reason to effectuate the arrest and detention of the Plaintiff, and this detention and arrest and the actions of the Defendants amounted to an unlawful imprisonment, detainment, and arrest.

76. As a result of the foregoing the Plaintiff's Fourth and Fourteenth Amendment and rights under the Statutes and Laws of the State of New York were violated, which is invoked under the jurisdiction of this Court.

77. As a proximate result of Defendants intentional and malicious actions, the Plaintiff was greatly humiliated, suffered injury to his reputation, suffered injury to his knee,

12

caused him to suffer pain in his knee, and has suffered great
mental anguish causing damages in an amount to be determined  at
trial, and punitive damages and attorneys' fees.

78. That solely by reason of all the foregoing, the
Plaintiff  has  suffered damages and injuries in a sum to be
determined at the time of trial.

## AS AND FOR A SECOND CAUSE OF ACTION

79. Plaintiff repeats, reiterates and re-alleges each
and every allegation previously set forth as if more fully set-
forth herein at length.

80. Upon information and belief that at the aforesaid
dated, time and place, the Plaintiff was subject to an assault
and subject to a battery, had hands placed on him by the
Defendants herein, without the consent of the Plaintiffs.

81. That Plaintiff in no way instigated, caused or
contributed to the actions of the NYPD.

82. That as a result of the assault and battery the
Plaintiff suffered, his health was impaired, he was caused to
have hands placed on him by the Defendants, suffered great
physical injuries and mental distress and humiliation, his
reputation and character were injured and he was embarrassed.

83. That solely by reason of all the foregoing, the
Plaintiff has suffered damages and injuries in a sum to be

13

determined at the time of trial.

**AS AND FOR A THIRD CAUSE OF ACTION**

84. Plaintiff repeats, reiterates and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

85. That at all dates and times hereinafter mentioned the Defendants, their agents, servants and/or employees were charged with the duty to perform their job functions in a reasonably safe manner.

86. That at all dates and times hereinafter mentioned the Defendants, CITY OF NEW YORK, NEW YORK instructed and educated their Police Officers, in how to perform their job functions.

87. That at all dates and times hereinafter mentioned the Defendants did not perform their job duties in a reasonably safe manner.

88. That at all dates and times hereinafter mentioned the Defendants CITY OF NEW YORK their agent's servants and/or employees, including but not limited to  Sgt. MICHAEL MARZOOCHI, P.O. ABDULRAH ALZOKARI AND JOHN/JANE DOE OFFICERS OF THE 26TH PRECINCT NAMES FICTITIOUS, TRUENAMES UNKNOWN INTENDING TO BE OFFICERS ON THE DATE AND TIME ALLEGED were negligent, careless and reckless in the performance of their job duties.

14

89.   That solely by reason of the foregoing the Plaintiff has suffered damage and injury in a sum to be determined upon the trial of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION

90.   Plaintiff repeats, reiterates and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

91. That the Defendants did not take any steps to prevent the assault, battery, detainment, search, seizure, unlawful/false arrest and unlawful imprisonment of the Plaintiff.

92. The Defendant unreasonably seized the person of Plaintiff, subjected him to degrading and humiliating searches of his body without a valid authority, detained, falsely imprisoned and arrested him, all without his consent or probable cause.

93. That at all times mentioned herein, each of the Defendants had the power and duty to restrain the other Defendants and prevent them from violating the law and rights of the Plaintiff but that each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants, and thereby became party to the injuries

15

inflicted upon the Plaintiffs.

94. That solely by reason of all the foregoing, the Plaintiff has suffered damages and injuries in a sum to be determined at the time of trial.

### AS AND FOR A FIFTH CAUSE OF ACTION

95. Plaintiff repeats, reiterates and re-alleges each and every allegation previously set forth as if more fully set-forth herein at length.

96. That the Defendants intentionally and for the purpose of causing severe physical and mental distress conducted themselves toward the Plaintiff in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

97. That the Defendants recklessly conducted themselves toward the Plaintiff in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

98. That solely by reason of all the foregoing, the Plaintiff has suffered damages and injuries in a sum to be determined at the time of trial.

**WHEREFORE,** Plaintiff demand judgment against the Defendants as follows:

a) On the first, second, third and

16

fourth causes of action for
compensatory damages against all
Defendants in a sum to be
determined at trial but in no
event less than ONE MILLION
DOLLARS ($1,000,000.00);

b)   On the fifth cause of action for
exemplary and punitive damages in
a sum to be determined at trial
but in no event less than TWO
MILLION FIVE HUNDRED THOUSAND
DOLLARS ($2,500,000.00);

c)   For attorneys fees pursuant to 43 U.S.C.
1988 against all Defendants; and

d)   Together with the costs and
disbursements of this action, and
for such other and further relief
as to this Court deems just,
proper and equitable.

Dated: New York, New York
       December 22, 2023

*Michael B. Palillo*

_____
MICHAEL B. PALILLO (MP 0044)
MICHAEL B. PALILLO, P.C.
Attorney for Plaintiff
BOUGOURA DESIRE SANGO
277 Broadway, Suite 501
New York, NY 10007
(212)608-8959

STATE OF NEW YORK )

               : ss.:

COUNTY OF NEW YORK

Bougoura Desire Sango being duly sworn, deposes and says that
deponent is the Plaintiff in the within action; that      has read
the foregoing Complaint      and knows the contents thereof;
that the same is true to deponent's own knowledge, except as to
the matters therein stated to be alleged on information and
belief, and as to those matters deponent believe it to be true.

                               Bougoura Desire Sango

Sworn to before me this

22nd day of December 2023

      Notary Public

MICHAEL B. PALILLO
Notary Public, State of New York
No. 02PA4804509
Qualified in Nassau County
Commission Expires May 3, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOUGOURA DESIRE SANGO,

                        Plaintiff,

        -against-

THE CITY OF NEW YORK,
Sgt. MICHAEL MARZOOCHI,
P.O. ABDULRAH ALZOKARI
AND JOHN/JANE DOE OFFICERS OF
THE 26TH PRECINCT NAMES FICTITIOUS,
TRUENAMES UNKNOWN INTENDING TO BE
OFFICERS ON THE DATE AND TIME ALLEGED

                        Defendants.

## SUMMONS & VERIFIED COMPLAINT

### Michael B. Palillo P.C.

*Attorneys for Plaintiff*
*BOUGOURA DESIRE SANGO*
*Office and Post Office Address*:
**277 Broadway, Suite 501**
**New York, NY 10007**
**(212) 608-8959**
(212) 608-0304 Fax (Not for Service)
mpalillo@palillolaw.com
(Not for Service)

Signature (Rule 130-1.1-a)

*Michael B. Palillo*
MICHAEL B. PALILLO, ESQ.