UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BOUGOURA DESIRE SANGO,

             Plaintiff,

   -against-

CITY OF NEW YORK, et al.,

            Defendant.

24cv00142 (RA) (RFT)

**ORDER**

---

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

    On February 12, 2025, Plaintiff, who does not have a lawyer, filed evidence to support his opposition to Defendants' motion to dismiss the complaint. (*See* ECF 46.) Plaintiff's submission consists of: (1) affidavits from Plaintiff, Plaintiff's wife, and four of Plaintiff's fellow congregants; and (2) Plaintiff's physical therapy records and his son's psychotherapy records. (*See id.*) Because of the personal and sensitive nature of some of those materials, on July 21, 2025, I sealed ECF 46 temporarily, without being asked, while I considered whether those materials should be sealed permanently. (*See* ECF 52, Order.)

    There is a presumption of public access to judicial documents, and the Court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the court determines whether the documents are "judicial documents" that are "useful in the judicial process"; if the documents are judicial documents, the Court then determines the "weight" of the presumption of public access; and finally, the Court must "balance competing

considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Id.*

I first assessed whether the documents Plaintiff submitted are "judicial documents," meaning documents relevant to the performance of a judicial function and useful in the judicial process. *See Lugosch*, 435 F.3d at 119-20. I concluded that the documents are judicial documents: Plaintiff submitted the documents to oppose Defendants' motion to dismiss the complaint. (*See* ECF 46 ¶ 1, at 2 ("This newly articulated information not only supports my initial claims but also underscores the validity of my assertions against the defendants.").) I then determined that the documents are entitled to the "highest" presumption of public access: Plaintiff submitted the documents in connection with a motion that may be dispositive of his case. *See Lugosch*, 435 F.3d at 123; *Cerovene, Inc. v. Fukuzyu Pharm. Co., Ltd.*, No. 24-CV-0464 (RA), 2024 WL 5428973, at *1 (S.D.N.Y. Oct. 2, 2024) (finding that "a strong presumption" of public access applied to documents "filed in connection with dispositive motions, such as a motion to dismiss").

As to the considerations against unsealing, I concluded that compelling privacy interests outweigh the strong presumption of access to Plaintiff's and Plaintiff's son's medical records. "Courts in this District regularly seal medical information, including the medical information of non-[parties]." *Locus Techs. v. Honeywell Int'l Inc.*, No. 19-C-11532 (PGG) (KHP), 2024 WL 5103334, at *8 (S.D.N.Y. Dec. 13, 2024); *see also Robinson v. De Niro*, No. 19-CV-9156 (LJL) (KHP), 2022 WL 2952071, at *2 (S.D.N.Y. July 26, 2022) ("An individual generally 'maintains significant privacy rights to her medical information,' and courts 'regularly seal' such information."). As for the affidavits Plaintiff submitted, these documents do not contain any

information that may similarly be considered sensitive, so there are no competing considerations that could overcome the high presumption of public access to the affidavits.

Accordingly, the affidavits that Plaintiff submitted shall be filed on the docket as Exhibit A to this order. Plaintiff's and Plaintiff's son's medical records shall be filed as Exhibit B to this order, and the Clerk of Court is respectfully requested to seal Exhibit B with access to Court personnel and case participants only. The filing at ECF 46 shall remain sealed.

DATED: July 30, 2025
New York, NY

SO ORDERED.

_____
ROBYN F. TARNOFSKY
United States Magistrate Judge