UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOUGOURA DESIRE SANGO,

                Plaintiff,

    -against-

CITY OF NEW YORK, et al.,

                Defendants.

24-CV-0142 (RA) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

    **WHEREAS**, on January 8, 2024, Plaintiff, who was represented by counsel at the time, brought suit against the City of New York and two of its police officers under 42 U.S.C. § 1983, alleging claims for false arrest, excessive force, failure to intervene, and malicious prosecution and related state claims (ECF 1); and

    **WHEREAS**, on July 19, 2024, I granted the motion by Plaintiff's counsel to withdraw (ECF 24); and

    **WHEREAS**, on August 15, 2024, Plaintiff filed a notice of pro se appearance, saying that he intended to pursue this case without a lawyer (ECF 27); and

    **WHEREAS**, on October 31, 2024, Defendants filed a motion to dismiss the complaint (ECF 40); and

    **WHEREAS**, on February 18, 2025, the Honorable Ronnie Abrams referred this matter to me for general pretrial supervision and reports and recommendations on Defendants' motion to dismiss (ECF 48, Am. Order of Ref.); and

    **WHEREAS**, on August 5, 2025, I issued a report and recommendation that Judge Abrams should (1) convert Defendants' motion to dismiss into a motion for partial summary judgment

as to the claims for false arrest, excessive force, failure to intervene, and assault and battery, (2) deny Defendants' motion for partial summary judgment on Plaintiff's false arrest claim, his related claim for failure to intervene and his claim for assault and battery, (3) grant Defendants' motion for partial summary judgment on Plaintiff's excessive force claim and his related claim for failure to intervene, (4) grant Defendants' motion to dismiss the NIED, IIED and negligence claims for failure to state a claim, (5) deny Defendants' motion to dismiss the claims for malicious prosecution and negligent hiring and training, and (6) denies Plaintiff's application for leave to amend; and

**WHEREAS**, on September 19, 2025, Judge Abrams adopted my report and recommendation in its entirety (ECF 65); and

**WHEREAS**, an initial case management conference, at which the parties will be expected to discuss a plan for discovery in this matter and the possibility of settlement, is scheduled to be held remotely on **November 24, 2025, at 10:00 am** (ECF 68); and

**WHEREAS**, Section 1915(e)(1) of Title 28 of the United States Code authorizes district courts to seek counsel for civil litigants unable to afford counsel, *see Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); and

**WHEREAS**, in deciding whether to appoint counsel, a court must first "determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986); and

**WHEREAS**, in light of Judge Abrams' order permitting this case to go forward, I conclude that Plaintiff's position meets this threshold requirement; and

**WHEREAS**, under the circumstances, it is appropriate to assess the plaintiff's "ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the [plaintiff's] ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Id.* at 61-62; and

**WHEREAS**, I conclude that in this case, the need for cross-examination will be the major proof presented to the fact finder, that Plaintiff's ability to present the case to the fact finder is hampered by the fact that English is not his first language, and that the appointment of counsel would be more likely to lead to a just determination;

**NOW THEREFORE**, Plaintiff is ORDERED to write to the Court by **October 27, 2025** to advise the Court whether he would object if the Court tried to find a lawyer for him, to represent him in connection with discovery and possible settlement in this case. If Plaintiff does not write to the Court by that date to say that he does not wish the Court to find a lawyer for him, I expect to instruct the Clerk of Court's Office of Pro Se Litigation to try to find counsel for Plaintiff to represent him in connection with discovery and possible settlement in this case.

Plaintiff is advised that the Court relies on volunteer lawyers to assist civil litigants who cannot afford a lawyer, and it is possible that the Court will be unable to locate counsel for Plaintiff. Plaintiff is also advised that, unless and until counsel is found for him, he must continue to represent himself.

DATED: October 22, 2025
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge